107 F.3d 865
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Haywood CLAYTON; Sylvia Clayton, Plaintiffs-Appellants,
v.
RALEIGH FEDERAL SAVINGS BANK, Defendant-Appellee.
 No. 96-1696.
 United States Court of Appeals, Fourth Circuit.
 Feb. 27, 1997.
Decided: February 27, 1997
 
 Quang Ngoc Nguyen, Hillsborough, North Carolina, for Appellants. William C. Smith, Jr., David T. Pryzwansk, MANNING, FULTON & SKINNER, P.A., Raleigh, North Carolina, for Appellee.
 Before MURNAGHAN and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Haywood and Sylvia Clayton appeal from the magistrate judge's order dismissing their amended complaint against Raleigh Federal Savings Bank for failure to state a claim under Fed.R.Civ.P. 12(b)(6) and denying their motion to further amend their complaint.* We affirm.
 
 
 2
 The Claytons borrowed $140,000 from Raleigh Federal in 1985 to purchase their home in North Carolina. Although they defaulted in 1988, the Claytons have successfully prevented foreclosure by filing bankruptcy seven times. In September 1995, the Claytons filed a complaint against Raleigh Federal alleging a violation of 18 U.S.C. § 152(4) (1994). Immediately prior to the scheduled hearing on Raleigh Federal's motion to dismiss the complaint, the Claytons filed an amended complaint alleging additional claims under Section 10 of the Real Estate Settlement and Procedures Act (RESPA), 12 U.S.C. § 2609 (1994). Approximately one month later, the Claytons filed a motion to amend their complaint a second time, raising additional claims under 12 U.S.C. § 2605(e), (f) (1994).
 
 
 3
 We agree with the magistrate judge that neither statute cited in the amended complaint gives rise to a private cause of action. The first, 18 U.S.C. § 152(4), is a criminal statute dealing with filing a false proof of claim in bankruptcy court. The second, 12 U.S.C. § 2609, prohibits banks from requiring excessive tax and insurance escrow deposits from mortgage borrowers. In neither case do we find a congressional intent to create a private right of action. See Louisiana v. Litton Mortg. Co., 50 F.3d 1298, 1301 (5th Cir.1995) ("the weightiest factor in determining whether a statute implies a private right of action is whether Congress intended to create one") (citing Transamerica Mortg. Advisors, Inc. v. Lewis, 444 U.S. 11, 15-16 (1979), and Touche Ross & Co. v. Redington, 442 U.S. 560, 568, 575 (1979)).
 
 
 4
 Finally, the magistrate judge did not abuse his discretion by denying the Claytons' motion to further amend their complaint, especially given the timing of the motion. See Medigen of Kentucky, Inc. v. Public Serv. Comm'n, 985 F.2d 164, 167-68 (4th Cir.1993) (district court's denial of leave to amend complaint is reviewed for abuse of discretion); Fed.R.Civ.P. 15(a) (once a responsive pleading has been served, a party may amend its complaint only by leave of court).
 
 
 5
 Accordingly, we affirm the magistrate judge's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) (1994)